Mr. William R. Clayton Attorney at Law Eleventh Floor Courthouse Center 175 Northwest First Avenue Miami, Florida 33128-18435
Dear Mr. Clayton:
On behalf of the Board of Supervisors of the Plantation Acres Improvement District, you ask substantially the following question:
Does s. 286.011(8), F.S., enacted by Ch. 93-232, Laws of Florida, which exempts certain meetings of governmental agencies from the open meeting requirements of s. 286.011, F.S., apply to a special district created pursuant to special act?
In sum:
Section 286.011(8), F.S., effective June 30, 1993, which exempts certain meetings of governmental agencies to discuss settlement negotiations or strategy sessions related to litigation expenditures from the open meeting requirements of s. 286.011(1), F.S., applies to a special district created by special act.
Section 286.011, F.S., the Government in the Sunshine Law, requires that the meetings of public boards or commissions be open to the public. Pursuant to s. 286.011(1), F.S., all meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting.
The Florida courts have stated that it was the intent of the Legislature to extend the application of the Sunshine Law to "every `board or commission'of the state, or of any county or political subdivision over which it has dominion and control."[1]
This office has stated that special districts are subject to its provisions.[2]
Section 1 of Ch. 93-232, Laws of Florida, adds subsection (8) to s. 286.011, F.S., to exempt certain meetings of governmental agencies from the requirement that they be open to the public. The act, which became law without the Governor's signature, becomes effective June 30, 1993. As amended, s. 286.011(8), F.S., provides:
Notwithstanding the provisions of subsection (1), any board or commission of any state agency or authority or any agency or authority of any county, municipal corporation, or political subdivision, and the chief administrative or executive officer of the governmental entity, may meet in private with the entity's attorney to discuss pending litigation to which the entity is presently a party before a court or administrative agency, provided that the following conditions are met:
(a) The entity's attorney shall advise the entity at a public meeting that he desires advice concerning the litigation.
(b) The subject matter of the meeting shall be confined to settlement negotiations or strategy sessions related to litigation expenditures.
(c) The entire session shall be recorded by a certified court reporter. The reporter shall record the times of commencement and termination of the session, all discussion and proceedings, the names of all persons present at any time, and the names of all persons speaking. No portion of the session shall be off the record. The court reporter's notes shall be fully transcribed and filed with the entity's clerk within a reasonable time after the meeting.
(d) The entity shall give reasonable public notice of the time and date of the attorney-client session and the names of persons who will be attending the session. The session shall commence at an open meeting at which the persons chairing the meeting shall announce the commencement and estimated length of the attorney-client session and the names of the persons attending. At the conclusion of the attorney-client session, the meeting shall be reopened and the person chairing the meeting shall announce the termination of the session.
(e) The transcript shall be made part of the public record upon conclusion of the litigation. (e.s.)
It is important to recognize that s. 286.011(8), F.S., does not create a blanket exception to the open meeting requirement of the Sunshine Law for all meetings between a public board or commission and its attorney. The exemption is narrower than the attorney-client communications exception recognized for private litigants.[3] Only discussions on pending litigation to which the public entity is presently a party are subject to its terms. Moreover, such discussions are limited to settlement negotiations or strategy sessions related to litigation expenditures. In addition, the other conditions specified by the Legislature must be fully met by a public entity in order to claim the exemption.
You ask whether the above exemption applies to the Plantation Acres Improvement District (District) which was created by special act of the Legislature as a special taxing district.[4] The reference in s. 286.011(8), F.S., to any board or commissions of any state agency or authority or agency or authority of any county, municipal corporation, or political subdivision is identical to that contained in s. 286.011(1), F.S., which this office has stated includes special districts.[5]
Accordingly, I am of the opinion that s. 286.011(8), F.S., applies to special districts created by general or special law. Thus, effective June 30, 1993, the Plantation Acres Improvement District may utilize the provisions of s. 286.011(8), F.S., creating a limited exemption from the open meeting requirement of the Government in the Sunshine Law when discussing settlement negotiations or strategy session related to litigation expenditures, provided that the conditions specified therein are met.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, e.g., Times Publishing Company v. Williams,222 So.2d 470, 473 (2 D.C.A. Fla., 1969).
[2] See, e.g., AGO's 74-169 (fire control district), 73-8 (mosquito control district), and 71-171 (special taxing district).
[3] Cf., s. 90.502, F.S., recognizing a lawyer-client privilege under the Florida Evidence Code.
[4] See, Ch. 82-274, Laws of Florida, as amended.
[5] See, e.g., AGO 86-21 (board of commissioners of drainage district subject to s. 286.011, F.S.); and AGO's 74-169 and 71-171 discussing the applicability of the Sunshine Law to special districts. And see, s. 1.01(8), F.S., defining "political subdivision" for purposes of the Florida Statutes, where the context will permit, to include districts in this state.